# United States District Court
## Middle District of Georgia

UNITED STATES OF AMERICA

Vs.                                              **JUDGMENT IN A CRIMINAL CASE**

**DAVID M. FOSKEY,**                             NO.  5: 08-MJ-06-04 (CWH)

               Defendant                   _____Demetria Nicole Williams_____
                                                                   Defendant's Attorney

The above-named defendant having entered a **PLEA OF GUILTY** in this proceeding to the offense(s) described below as charged in a one-count INFORMATION, he is hereby **CONVICTED** of said offense(s) and **SENTENCED** as follows:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. §§ 7 & 13 i/c/w O.C.G.A. §40-6-391(a)(1) | Driving Under the Influence of Alcohol | 04/08/08 | 1 |

☐ Count(s)_____ (is) ~~(are)~~ dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

**Defendant's Soc. Sec. No.:**  ***-**-1965

**Defendant's Date of Birth:**  1967

**Defendant's USM No.:**  93466-020

**Defendant's Residence Address:**

Hawkinsville, Georgia

**Defendant's Mailing Address:**

Same

January 12, 2009
Date of Imposition of Judgment

*/s/ Claude W. Hicks, Jr.*
Signature of Judicial Officer

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer

January 12, 2009
Date

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments hereinafter set forth.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| **Totals** | $ 25.00 | $ 500.00 | $ - 0 - |

☐ If applicable, restitution amount ordered pursuant to plea agreement . . . . . . .   $

## FINE

☐ The above fine includes costs of incarceration and/or supervision in the amount of $_____.

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options hereinafter set forth may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).

☐ The court has determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived.

☐ the interest requirement is modified as follows:

## RESTITUTION

Restitution is <u>not</u> ordered in this proceeding.

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

PAYMENT OF THE TOTAL FINE AND OTHER CRIMINAL MONETARY PENALTIES SHALL BE MADE IN FULL IMMEDIATELY.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

Unless the court has expressly ordered otherwise, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments shall be made to the **CLERK OF THIS COURT** except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program. All criminal monetary penalty payments are to be made as directed by the court, the probation officer, or the United States Attorney. Prior to the conclusion of any term of supervision imposed herein, the court reserves the right to address any outstanding balance still owed for mandatory assessment fees, fines, interest, and penalties, and to consider all available sanctions for collection of same through the office of the United States Attorney.

# PROBATION

The defendant is hereby placed on probation for a term of **TWELVE (12) MONTHS** subject to the **STANDARD CONDITIONS OF SUPERVISION** hereinafter set out and the following **SPECIAL CONDITIONS OF PROBATION**:

(1) The defendant shall serve TEN (10) DAYS in jail as directed by the U. S. Probation Office.

(2) He shall be subject to periodic testing for drug/alcohol abuse and shall participate in a program of substance abuse treatment and counseling as directed by the U. S. Probation Office;

(3) He shall be subject to mental health treatment and counseling as directed by the U. S. Probation Office; and,

(4) He shall pay a FINE in the amount of **$500.00**; said fine may be paid in EQUAL PERIODIC INSTALLMENTS as scheduled by the U. S. Probation, and the defendant is directed to provide such financial information as may be requested by that office.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

The defendant shall refrain from any unlawful use of a controlled substance. He/she shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☐ The defendant shall not possess a firearm as defined in 18 U.S.C. §921. (Check, if applicable.)

## STANDARD CONDITIONS OF SUPERVISION

(1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
(2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
(3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
(4) the defendant shall support his or her dependents and meet other family responsibilities;
(5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
(6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
(7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
(8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
(9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
(10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
(11) the defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer;
(12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
(13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

# United States District Court
### Middle District of Georgia
#### MACON DIVISION

**UNITED STATES OF AMERICA**

Vs.

**DAVID M. FOSKEY,**

Defendant

NO. 5: 08-MJ-06-04 (CWH)

## STATEMENT OF REASONS

For ADVISORY PURPOSES ONLY, the court has considered the factual findings and guideline application in the presentence report provided by the U. S. Probation Office.  The sentence imposed herein is within the guideline range reflected below and that range does not exceed 24 months. The **GUIDELINE RANGE** considered may be summarized as follows:

> **TOTAL OFFENSE LEVEL:**  6
>
> **CRIMINAL HISTORY CATEGORY:**  I
>
> **IMPRISONMENT RANGE:**  0 to 6 months upon revocation
>
> **SUPERVISED RELEASE RANGE:**  1 Year
>
> **FINE RANGE:**  $500.00 to $5,000.00
>
> **TOTAL AMOUNT OF RESTITUTION:**  NONE

☐ The sentence imposed departs from the guideline range:

☐ upon motion of the government, as a result of defendant's substantial assistance

☐ for the following specific reason(s):

Dated at Macon, Georgia, this 12th day of JANUARY, 2009.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE